BEFORE THE FIRST DIVISION, DECEMBER 17, 1953

**No. 57682.**—M. D. Orum Company *v.* United States, protest 199201–K (Milwaukee).

OLIVER, Chief Judge:   This suit has been limited, by stipulation of counsel for the respective parties, to certain items identified on the invoices as follows:

| Item No. | Description |
| --- | --- |
| 802 | Roman War Chariot |
| 810 | Brewer's Drays |
| 811 | Roman Chariot |
| 812 | Costermongers |
| 813 | Trotter Sets |
| 690 | Blacksmith Sets |
| 691 | Windmill |

All of the articles were classified as toys, and assessed with duty at various rates under the provisions of paragraph 1513 of the Tariff Act of 1930, either as originally enacted or as modified.   Plaintiff claims that the merchandise is properly classifiable under the provision for articles, not specially provided for, composed wholly or in chief value of lead, but not plated with platinum, gold, or silver, or colored with gold lacquer, in paragraph 397 of the Tariff Act of 1930, as modified. As to the articles imported prior to October 1, 1951, the applicable rate is 2 cents per pound, but not less than 15 per centum ad valorem nor more than 45 per centum ad valorem, by virtue of T. D. 51802; as to the merchandise imported on or after October 1, 1951, the applicable rate is 2 cents per pound, but not less than 15 per centum ad valorem nor more than 30 per centum ad valorem, by virtue of T. D. 52739 and T. D. 52820.

Counsel for the respective parties stipulated, at the time of trial, that the articles in question are composed wholly or in chief value of lead.   Thus, the sole

question before us is one of fact,' i. e., whether the present merchandise is "chiefly used for the amusement of children," which is the statutory requirement under paragraph 1513, *supra*, for the classification of merchandise as toys.

Plaintiff introduced the testimony of four witnesses, all of whom had several years of personal experience in dealing with the items under consideration as commercial commodities and observing them in use. Their combined testimony establishes that the articles in question are novelties, chiefly used by adults and never used by children for their amusement. The uncontradicted testimony shows further that these articles are collectors' items used "in hobby collections," and that they are used also as ornaments on knickknack shelves, or for display purposes in stores and restaurants. The witnesses were positive in their testimony to the effect that they had never seen any of the articles in question played with by children.

Samples are in evidence of each of the items in question, except the one described as "Windmill," item 691, of which there is a pictorial representation with a description that the windmill "really turns . . . and it's 6 inches high," having four wind vanes mounted on the top. "The set comes with a white-coated miller" (plaintiff's exhibit 7). The "Costermongers," item 812 (plaintiff's exhibit 1), consists of a "costermonger's cart," about 4¼ inches long, with two figures (man and boy) seated inside. The "Brewer's Drays," item 810 (plaintiff's exhibit 2), consists of a horse-drawn, open wagon, approximately 7 inches long, with demountable seat and driver, and six small barrels of a size permitting them to be placed on the wagon. The "Trotter Sets," item 813 (plaintiff's exhibit 3) is made up of two sulkies, each with its own driver and horse. The "Roman Chariot," item 811 (plaintiff's exhibit 4), and the "Roman War Chariot," item 802 (plaintiff's exhibit 5), are substantially the same. Each consists of a chariot drawn by two horses, approximately 6 inches in length, and a charioteer that is about 2 inches in height. The "Blacksmith Sets," item 690, in its entirety, consists of an anvil, a forge, hood, horse, and six tiny horseshoes, and a small figure representative of the blacksmith. In the exhibit before us (plaintiff's exhibit 6), the "little figure of a blacksmith" is missing (R. 6).

Each of the several items under consideration, as hereinabove described, is attractively and appropriately colored for the particular figure of which it is representative. All of them are designed to remain stationary and make no noise. An examination of the several articles tends to corroborate the witnesses' statements that the merchandise is chiefly used as ornaments for display and decorative purposes, and that they are too fragile to permit of their use as playthings for the amusement of children.

Counsel for plaintiff, in their brief, cite the case of *F. W. Woolworth Co.* v. *United States*, 3 Cust. Ct. 87, C. D. 210, affirmed in *United States* v. *F. W. Woolworth Co.*, 28 C. C. P. A. (Customs) 196, C. A. D. 145. There, as here, the merchandise was classified as toys and claimed to be dutiable according to the component material of chief value. The articles in the said case consisted of miniature, brightly colored figures of animals and other objects. In summarizing the record, the appellate court quoted with approval from this court's decision, reading as follows:

* * * It will be observed that the weight of this testimony indicates that these articles are not used chiefly for the amusement of children. Their use by children may interest and entertain them, but that is not such amusement as would be obtained by them in playing with a doll, a ball, a top, and similar playthings. The weight of the testimony establishes that their predominant uses are in decoration, building farm, railroad, garden, and similar scenes; by teachers for educational purposes; and as decorations under Christmas trees. Their suitability for such uses is confirmed by the samples themselves, which are very lifelike miniature figures of men and women, animals, trees, bridges, wells,

donkeys, drawing carts, windmills, chickens, benches, gates, ences, ponds, buffaloes, Indians, and miniature figures of a similar nature made of metal and colored in an appropriate manner.

* * * In this case after carefully considering all the facts we believe that the weight of the testimony establishes that this merchandise is not used chiefly for the amusement of children, but for the various purposes heretofore mentioned.

The substance of the foregoing quotation has equal application to the present case. Accordingly, we find on the basis of the present record, that the items in question, as hereinabove identified, are not toys, as classified by the collector. They are properly classifiable as manufactures of lead, not specially provided for, under paragraph 397, as modified, *supra*, and dutiable thereunder at the appropriate rate, depending on whether the articles were imported prior or subsequent to October 1, 1951, as hereinabove set forth, and as claimed by plaintiff.

The protest is sustained to the extent indicated and judgment will be rendered accordingly.